UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: _____

ADRIANA TRUFANT BARBIERI,
*individually and on behalf of all
those similarly situated*

   *Plaintiff,*

vs.

TD BANK, NATIONAL ASSOCIATION,

   *Defendant.*

## NOTICE OF REMOVAL PURSUANT TO CLASS ACTION FAIRNESS ACT

Defendant, TD Bank, N.A. ("**TD Bank**"), removes this putative class action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-25-012326, to this Court pursuant to 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005 ("**CAFA**")) and 28 U.S.C. § 1441, 1446, and 1453.

### BACKGROUND

1. On August 15, 2025, Plaintiff filed her Class Action Complaint ("**Complaint**") against TD Bank in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, captioned *Adriana Trufant Barbieri v. TD Bank, National Association*, Case No. CACE-25-012326. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint and all other papers filed in the state court action and a copy of the electronic docket from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County are attached as Exhibit A.

2. Plaintiff asserts a single cause of action against TD Bank based on an alleged violation of the Florida Consumer Collection Practices Act (**"FCCPA"**) excessive call provision, Fla. Stat. § 559.72(7), for allegedly calling consumers with Florida addresses more than seven times over the course of seven days in an attempt to collect a debt. *See* Ex. A, Compl. at ¶ 16.

3. Plaintiff alleges that TD Bank called her ten times between January 15, 2025 and January 17, 2025, seeking collection on Plaintiff's overdue credit card debt. *Id*. at ¶¶ 8-9.

4. Plaintiff seeks to represent a putative class believed to be "in the several thousands, if not more" who TD Bank allegedly called more than seven times in seven days to collect on a consumer debt. *Id*. at ¶ 18.

## TIMELINESS OF REMOVAL

5. Plaintiff served TD Bank with the Complaint on August 25, 2025. A true copy of the Notice of Service to TD Bank is separately attached as Exhibit B.

6. This Notice of Removal is thus filed within 30 days of service of the Complaint on TD Bank, as required under 28 U.S.C. § 1446. *See* Ex. B.

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

7. This Court has original jurisdiction over this action under CAFA because: (1) there is minimal diversity (*i.e.*, the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) the Complaint alleges a putative class of at least 100, 28 U.S.C. § 1332(d)(5)(B); and (3) the amount in controversy based upon the class members' aggregated claims, as alleged, exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2).

**I.     Minimal Diversity Exists.**

8. CAFA requires only minimal diversity for purposes of establishing federal jurisdiction. That is, at least one putative class member must be a citizen of a state different from

any named defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).  In this case, as explained below, Plaintiff is a citizen of a state (Florida) that is different from TD Bank's state of citizenship (Delaware).

9. For purposes of determining diversity, an individual is a "citizen" of the state in which she is domiciled. *Smith v. Marcus & Millichap, Inc.,* 991 F.3d 1145, 1149 (11th Cir. 2021).

10. Plaintiff, as described in the Complaint, "is a natural person, and a citizen of the State of Florida[.]" Ex. A, Compl., ¶ 5.

11. TD Bank is a citizen of Delaware because it is a national banking association with its main office in Delaware as designated in its articles of association.  *See Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("[U]nder § 1348, a national banking association is a citizen only of the state in which its main office is located."); *see also Abulkhair v. Citibank & Assocs.*, 434 Fed. App'x. 58, 59 n.2 (3d Cir. 2011) ("[A] national banking association is considered a citizen of 'the State designated in its articles of association as its main office.'").  An excerpt from the Office of the Comptroller of the Currency, List of National Banks & Federal Branches and Agencies Active As Of 8/31/2025, listing TD Bank's main office location, is attached as Exhibit C.

12. Accordingly, minimal diversity exists between Plaintiff (*i.e.*, a citizen of Florida) and TD Bank (*i.e.*, a citizen of Delaware). *See* 28 U.S.C. § 1332(d)(2)(A).

**II.     As Alleged, The Putative Class Consists of More Than 100 Members.**

13. Plaintiff seeks to represent a class that includes more than one hundred members. The proposed class includes "[1] all consumers with Florida addresses [2] who received more than seven (7) phone calls [3] from Defendant, or someone on Defendant's behalf [4] over the course of any consecutive seven (7) day period [5] in an attempt to collect a debt [6] during the twenty-four [24] months preceding the filing of [her] Class Action Complaint." *See* Ex. A, Compl., ¶ 16.

14. Plaintiff seeks to represent a putative class believed to be "in the several thousands, if not more" whose communications were intercepted without consent. *Id*. at ¶ 18. Solely for purposes of removal, and without conceding that class treatment is appropriate, the size of the proposed class, or that Plaintiff or that the proposed class are entitled to any relief, TD Bank accepts Plaintiff's allegation that the purported class "contains several thousands" of members, "if not more." *Id*.

### III. As Alleged, the Aggregate Amount in Controversy Exceeds $5,000,000.

15. While TD Bank denies any liability as to Plaintiff's claims, the amount in controversy under CAFA, as alleged in the Complaint, exceeds $5,000,000, exclusive of interest and costs. TD Bank bases all calculations supporting the amount in controversy on the Complaint's allegations, assuming without any admission, the truth of the allegations (which TD Bank disputes). Likewise, TD Bank bases these calculations on the putative class alleged in the Complaint, and in no way indicates or concedes that class treatment is appropriate in this case, that the Plaintiff has standing to represent any class, or that the class as proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. TD Bank expressly reserves the right to challenge Plaintiff's claims, as well as her standing and adequacy to represent any class, Plaintiff's class definition, Plaintiff's ability to meet the requirements of Rule 23, and the calculation of damages or any other monetary relief in all respects.

16. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." *Id.* Congress intended federal jurisdiction to be appropriate under the CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*,

damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id*. at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

17. To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must only make a plausible claim that the amount in controversy exceeds that amount. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). A defendant's amount-in-controversy allegations on removal are entitled to the same weight given those alleged by a plaintiff in its pleadings. *Id*. at 88. As a result, the effect of any affirmative defenses potentially reducing the amount in controversy cannot be considered when determining federal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010); *Scherer v. Equitable Life Assur. Soc.*, 347 F.3d 394, 397-398 (2d Cir. 2003) (holding that affirmative defenses may not be used to "whittle down the amount in controversy"); *Lara v. Trimac Transp. Servs. (Western), Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum.").

18. Here, Plaintiff seeks a judgment awarding an injunction, in addition to "[s]tatutory damages for Plaintiff and members of the class as provided by Fla. Stat. § 559.77(2); . . . Costs

and reasonable attorney's fees pursuant to Fla. Stat. § 559,77(2); and . . . Any other relief that [the] Court deems appropriate[.]" *See* Ex. A, Compl. ¶ 34.

19. Under the FCCPA, "[a]ny person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77(2).

20. Injunctive relief and punitive damages are also potential elements of damages under the FCCPA. Fla. Stat. § 559.77(2).

21. Plaintiff herself alleges "that the aggregate damages sustained by members of the Class are in the millions of dollars[.]" *See* Ex. A, Compl. ¶ 25.

22. There are more than 5,000 putative class members to satisfy the $5,000,000 (5,000 x $1,000 statutory damages per class member) threshold before consideration of actual damages, attorneys fees and costs.

23. The actual alleged damages at issue also satisfy the $5,000,000 threshold. *See Barker v. Tomlinson*, No. 8:05-CV-1390-T-27EAJ, 2006 WL 1679645, at *3 (M.D. Fla. June 7, 2006) (awarding actual damages of $10,000 under both the FCCPA and the FDCPA for fear, anxiety, embarrassment, and emotional distress caused by the violation of FCCPA); *Rodriguez v. Florida First Fin. Grp., Inc.*, No. 6:06-CV-1678-ORL-28DAB, 2009 WL 535980, at *6 (M.D. Fla. Mar. 3, 2009) (awarding $1,000 in actual damages for emotional distress after finding caller liable under Fla. Stat. § 559.72(7)).

24. While TD Bank denies that Plaintiff or the proposed class are entitled to any relief, it is nevertheless clear that the amount in controversy exceeds the CAFA $5,000,000 threshold.

**IV.     TD Bank Is Not A Government Agency.**

25.     TD Bank is not a state, a state official or a government entity.  *See* 28 U.S.C. § 1332(d)(5)(A).

**V.      CAFA Exceptions Do Not Apply.**

26.     This action was originally filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  TD Bank is not a citizen of Florida and was not a citizen of Florida when the initial pleading in this case was filed.  Accordingly, none of the potential exceptions to removal enumerated in 28 U.S.C. § 1332(d)(3)-(4) are applicable.

## VENUE

27.     Venue is proper pursuant to 28 U.S.C. § 1441(a) because the District Court for the Southern District of Florida is the "district court of the United States for the district … embracing the place where such action is pending."

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

28.     This action has not previously been removed to federal court.

29.     TD Bank will promptly file a copy of this Notice of Removal with the Clerk of the Court of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida and will serve written notice on all parties pursuant to 28 U.S.C. § 1446(d).

30.     Pursuant to 28 U.S.C. § 1446(a), TD Bank attaches all process, pleadings and orders that have been filed, served, or received by TD Bank in this action.  *See* Exs. A & B.

31.     By virtue of this Notice of Removal and the notice filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, TD Bank does not waive its rights to assert any personal jurisdictional defenses or other motions, including Rule 12 motions and/or motions to compel arbitration, as permitted by the Federal Rules of Civil Procedure.

32. Based upon the record submitted with this Notice, this Court has jurisdiction over Plaintiff's claims and his Complaint is properly removed to this Court.

WHEREFORE, TD Bank removes this action to this Court and respectfully requests that this Court assume jurisdiction of this matter and take all further steps as may be required to determine this controversy.

Dated: September 24, 2025                    Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Carolina Z. Goncalves*
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Carolina Z. Goncalves, Esq.
Florida Bar No. 124570
DUANE MORRIS LLP
201 South Biscayne Blvd., Suite 3400
Miami, FL 33131-4325
Telephone: +1 305 960 2200
JJFannin@duanemorris.com
CGoncalves@duanemorris.com
PNMendoza@duanemorris.com

*Attorneys for Defendant TD Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2025, a true and correct copy of the foregoing Notice of Removal has been served via e-mail on the following counsel of record:

**THE LAW OFFICES OF JIBRAEL S. HINDI**
1515 NE 26th Street
Wilton Manors, FL 33305

**Faaris K. Uddin**
faaris@jibraellaw.com

**Zane C. Hedaya**
zane@jibraellaw.com

**Gerald D. Lane, Jr.**
gerald@jibraellaw.com

**Hitchell D. Hansen**
mitchell@jibraellaw.com


/s/ Carolina Z. Goncalves
Carolina Z. Goncalves, Esq.